**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **EBH Topco, LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **81-0856103** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **5000 Airport Plaza Drive Suite 100 Long Beach, CA 90815** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Los Angeles** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.elementsbehavioralhealth.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: |

Debtor    **EBH Topco, LLC**                                              Case number (*if known*) _____
_____
Name

**7.  Describe debtor's business**   A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District | | When | | Case number | |
|----------|--|------|--|-------------|--|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Schedule 1** | | Relationship | |
|--------|--------------------|--|--------------|--|
| District | _____ | When _____ | Case number, if known | _____ |

| Debtor | **EBH Topco, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)

  - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
  - ☐ It needs to be physically secured or protected from the weather.
  - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - ☐ Other _____

  **Where is the property?** _____
  
  Number, Street, City, State & ZIP Code

  **Is the property insured?**
  - ☐ No
  - ☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

- ☐ Funds will be available for distribution to unsecured creditors.
- ■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ■ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ■ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **EBH Topco, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **May 23, 2018**
              MM / DD / YYYY

***X*** **/s/ Martin McGahan**                              **Martin McGahan**
Signature of authorized representative of debtor          Printed name

Title   **Chief Restructuring Officer**

---

**18. Signature of attorney**

***X*** **/s/ Christopher A. Ward**          Date   **May 23, 2018**
Signature of attorney for debtor                  MM / DD / YYYY

**Christopher A. Ward**
Printed name

**Polsinelli**
Firm name

**222 Delaware Ave.**
**Suite 1101**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 252-0920**          Email address   **cward@polsinelli.com**

**3877 DE**
Bar number and State

## SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of EBH Topco, LLC.

- EBH Topco, LLC
- EBH Holding Company, Inc.
- Elements Behavioral Health, Inc.
- Assurance Toxicology Services, LLC
- EBH Acquisition Subsidiary, Inc.
- EBH Big Rock, Inc.
- EBH Services of Florida, Inc.
- EBH Northeast Services, Inc.
- EBH Southwest Services, Inc.
- Elements Screening Services, Inc.
- Intensive Outpatient Services PA, Inc.
- NE Sober Living, Inc.
- Northeast Behavioral Services, Inc.
- Outpatient Services FL, Inc.
- Outpatient Services TN, Inc.
- SoCal Rehab and Recovery, Inc.
- Southeast Behavioral Health Services, Inc.
- The Ranch on the Piney River, Inc.
- The Sexual Recovery Institute, Inc.
- Westside Sober Living Centers, Inc.
- Spirit Lodge, LLC
- San Cristobal Treatment Center, LLC
- Ehrman Subsidiary Corp.
- PROMAL2, Inc.
- PROMAL4, Inc.
- SBAR2, Inc.
- Promises Residential Treatment Center VI, Inc.
- Wrightsville Services, LLC
- Elements Medical Group of Arizona, Inc.
- TRS Behavioral Care, Inc.
- Elements Medical Group of Mississippi, Inc.
- Elements Medical Group of Utah, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

EBH TOPCO, LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 18-_____ (___)

(Joint Administration Pending)

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtor in possession (collectively, the "**Debtors**") attach hereto as <u>Exhibit A</u> an organizational chart reflecting all of their ownership interests. The Debtors respectfully represent as follows:

1. NEA owns approximately fifty percent (50%) of the equity interests of EBH TOPCO, LLC, Frazier Healthcare Ventures owns approximately eighteen percent (18%), and Formation Capital owns approximately fourteen percent (14%). To the best of the Debtors' knowledge and belief, no other person or entity directly owns 10% or more of the equity interests of EBH Topco, LLC.

2. EBH Topco, LLC owns approximately ninety-nine percent (99%) of the equity interests of EBH Holding Company, Inc.

3. EBH Holding Company, Inc. owns one hundred percent (100%) of the equity interests of Elements Behavioral Health, Inc.

4. Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of EBH Big Rock, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are EBH Topco, LLC (6103), Elements Behavioral Health, Inc. (7176), EBH Holding Company, Inc. (0370), EBH Big Rock, Inc. (1880), SoCal Rehab and Recovery, Inc. (3741), The Sexual Recovery Institute, Inc. (1279), Westside Sober Living Centers, Inc. (5717), Ehrman Subsidiary Corp. (3958), PROMAL2, Inc. (1377), PROMAL4, Inc. (2453), SBAR2, Inc. (9844), Promises Residential Treatment Center VI, Inc. (1112), Assurance Toxicology Services, LLC (9612), Elements Screening Services, Inc. (0055), TRS Behavioral Care, Inc. (6343), Spirit Lodge, LLC (1375), San Cristobal Treatment Center, LLC (1419), EBH Acquisition Subsidiary, Inc. (6132), EBH Services of Florida, Inc. (6802), Outpatient Services FL, Inc. (9596), EBH Northeast Services, Inc. (3551), Intensive Outpatient Services PA, Inc. (5581), Wrightsville Services, LLC (9535), NE Sober Living, Inc. (1955), Northeast Behavioral Services, Inc. (8881), The Ranch on Piney River, Inc. (0195), Outpatient Services TN, Inc. (5584), EBH Southwest Services, Inc. (5202), Elements Medical Group of Utah, Inc. (9820), Southeast Behavioral Health Services, Inc. (1267), Elements Medical Group of Mississippi, Inc. (4545), and Elements Medical Group of Arizona, Inc. (8468). The location of the Debtors' mailing address is 5000 Airport Plaza Dr., Suite 100, Long Beach, California 90815.

63647152.1

5.      Elements Behavioral Health, Inc. owns approximately ninety-nine percent (99%) of the equity interests of Assurance Toxicology Services, LLC.

6.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of EBH Acquisition Subsidiary, Inc.

7.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of EBH Northeast Services, Inc.

8.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of NE Sober Living, Inc.

9.      Elements Behavioral Health, Inc. owns approximately ninety-five percent (95%) of the equity interests of The Ranch on Piney River, Inc.

10.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of EBH Southwest Services, Inc.

11.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of Southeast Behavioral Health Services, Inc.

12.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of Elements Medical Group of Arizona, Inc.

13.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of SoCal Rehab and Recovery, Inc.

14.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of Elements Screening Services, Inc.

15.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of EBH Services of Florida, Inc.

16.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of Intensive Outpatient Services PA, Inc.

17.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of Northeast Behavioral Services, Inc.

18.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of Outpatient Services TN, Inc.

19.      Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of Elements Medical Group of Utah, Inc.

20.    Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of Elements Medical Group of Mississippi, Inc.

21.    Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of The Sexual Recovery Institute, Inc.

22.    Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of TRS Behavioral Care, Inc.

23.    Elements Behavioral Health, Inc. owns one hundred percent (100%) of the equity interests of Outpatient Services FL, Inc.

24.    Elements Behavioral Health, Inc. owns ninety percent (90%) of the equity interests of Wrightsville Services, LLC and Recovery River Rehab, LLC owns ten percent (10%) of the equity interests of Wrightsville Services, LLC.

25.    Elements Behavioral Health, Inc. owns approximately ninety-five percent (95%) of the equity interests of Westside Sober Living Centers, Inc.

26.    Westside Sober Living Centers, Inc. owns one hundred percent (100%) of the equity interests of Ehrman Subsidiary Corp.

27.    Westside Sober Living Centers, Inc. owns one hundred percent (100%) of the equity interests of PROMAL2, Inc.

28.    Westside Sober Living Centers, Inc. owns one hundred percent (100%) of the equity interests of PROMAL4, Inc.

29.    Westside Sober Living Centers, Inc. owns one hundred percent (100%) of the equity interests of SBAR2, Inc.

30.    Westside Sober Living Centers, Inc. owns one hundred percent (100%) of the equity interests of Promises Residential Treatment Center VI, Inc.

31.    TRS Behavioral Care, Inc. owns one hundred percent (100%) of the equity interests of Spirit Lodge, LLC.

32.    TRS Behavioral Care, Inc. owns one hundred percent (100%) of the equity interests of San Cristobal Treatment Center, LLC.

# **EXHIBIT A**

**(Organizational Chart)**

Org Chart 05.21.2018

5/21/2018

**EBH TOPCO, LLC**
Inc. 10/08/2015 in DE

**EBH Holding Company, Inc.**
Inc. 10/14/2011 in DE

**Elements Behavioral Health, Inc.**
Inc. 06/12/2007 in DE

**EBH Big Rock, Inc.**
Inc. 01/16/2013 in CA

**Assurance Toxicology Services, LLC**
*f/k/a Elements Youth Services, Inc.*
Inc. 06/13/2013 in DE

**EBH Acquisition Subsidiary, Inc.**
- The Recovery Place
- Bel Canto Detox Center
Inc. 06/02/2011 in DE

**EBH Northeast Services, Inc.**
*f/k/a Youth Health YC, Inc.*
DBA:
- Clarity Way
- Clarity Way Monitoring
Inc. 06/13/2013 in DE

**NE Sober Living, Inc.**
DBA:
- Boardwalk Sober Living
Inc. 12/30/2014 in DE

**The Ranch on the Piney River, Inc.**
Inc. 02/02/1999 in TN
Acq. 06/30/2010

**EBH Southwest Services, Inc.**
*f/k/a Youth Health CC, Inc.*
DBA:
- Journey Healing Centers
- Journey Recovery Centers
- Journey at Willowcreek
- Promises Scottsdale
Inc. 06/13/2013 in DE

**Southeast Behavioral Health Services, Inc.**
DBA:
- COPAC
- The Ranch Mississippi
Inc. 08/04/2014 in DE

**Elements Medical Group of Arizona, Inc.**
Inc. 01/12/2017 in AZ

**SoCal Rehab and Recovery, Inc.**
Inc. 11/12/2014 in DE

**Elements Screening Services, Inc.**
*f/k/a Elements Lab Services, Inc.*
Inc. 10/10/2012 in DE

**EBH Services of Florida, Inc.**
DBA:
- Lucida Treatment Center
Inc. 08/01/2012 in DE

**Intensive Outpatient Services PA, Inc.**
Inc. 02/12/2015 in DE

**Northeast Behavioral Services, Inc.**
DBA:
- Park Bench Group Counseling
- Promises New Jersey
Inc. 10/29/2014 in DE

**Outpatient Services TN, Inc.**
Inc. 12/12/2015 in DE

**Elements Medical Group of Mississippi, Inc.**
Inc. 01/11/2017 in MS

**The Sexual Recovery Institute, Inc.**
Inc. 06/28/1999 in CA
Acq. 11/19/2010

**TRS Behavioral Care, Inc.**
DBA:
- The Right Step
Inc. 12/05/1990 in TX

**Outpatient Services FL, Inc.**
Inc. 02/12/2015 in DE

**Wrightsville Services, LLC**
DBA:
- Brightwater Landing
- The Ranch Pennsylvania
Inc. 01/27/2014 in DE

**Elements Medical Group of Utah, Inc.**
Inc. 01/17/2017 in UT

**Westside Sober Living Centers, Inc.**
DBA:
- Promises Treatment Centers
- Promises Malibu
- Promises West LA
- Promises Malibu Vista
Inc. 10/12/1988 in CA
Acq. 01/31/2008

**Spirit Lodge, LLC**
DBA:
- Promises Austin
Inc. 08/16/2007 in TX

**Ehrman Subsidiary Corp.**
Inc. 12/03/2008 in CA

**San Cristobal Treatment Center, LLC**
Inc. 01/13/2012 in TX

**PROMAL2, Inc.**
Inc. 05/25/2004 in CA

**PROMAL4, Inc.**
Inc. 06/22/2006 in CA

**SBAR2, Inc.**
Inc. 06/07/2004 in CA

**Promises Residential Treatment Center VI, Inc.**
Inc. 07/16/2010 in CA

**States of Operation**

| AZ | |
| CA | CA |
| TX | TX |
| NM | |
| FL | |
| PA | |
| NJ | |
| TN | |
| UT | |
| MS | |
| Dormant entities | |

**Minority Interest Holders**

Westside Sober Living Centers, Inc - 4.55% Richard Rogg
The Ranch on Piney River, Inc. - 5% Cheryl Brown
Wrightsville Services, LLC - 10% Recovery River Rehab, LLC
Assurance Toxicology Services, LLC - 0.17% SPB Investments, LLC
EBH Holding Company, Inc. - 0.06% Stockholders

## ACTION BY UNANIMOUS WRITTEN CONSENT OF
## THE DIRECTORS OF
## EBH TOPCO, LLC AND ITS SUBSIDIARIES

### May 22, 2018

Under the provisions of the Second Amended and Restated Limited Liability Company Agreement of EBH Topco, LLC (the "Company"), a limited liability company duly organized and validly existing under the laws of the State of Delaware, as amended, and the Delaware Limited Liability Company Act, as amended, effective as of the date written above, the undersigned constituting all of the Directors of the Company and the directors of each of the Company's subsidiaries , hereby consent in writing that the following resolutions be adopted and direct that this consent be filed with the Company's (and each of the Company's subsidiaries') official minutes, to have the same force as a unanimous vote of the Directors (and the directors of each of the Company's subsidiaries) at a meeting duly held this date:

**A.    Chapter 11 Filing**

**WHEREAS**, the Directors considered presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Directors have had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, IT IS**

**RESOLVED**, that in the judgment of the Directors it is desirable and in the best interests of the Company to appoint Martin McGahan from ALVAREZ & MARSAL LLC to serve as chief restructuring officer (the "Chief Restructuring Officer") of the Company; and it is further

**RESOLVED**, that in the judgment of the Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed voluntary petitions for relief for the Company and each of the Company's affiliates (each affiliate is listed on the attached Schedule 1 and collectively referred to herein as the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and it is further

**RESOLVED**, that any officer of the Company and the Chief Restructuring Officer (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including,

DocuSign Envelope ID: 5983AB79-BC15-4BC4-8C42-A5365D14930E

without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions.

## B.    Retention of Professionals

**IT IS FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of POLSINELLI PC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of POLSINELLI PC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of ALVAREZ & MARSAL LLC to represent and assist the Chief Restructuring Officer and the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of ALVAREZ & MARSAL LLC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of HOULIHAN LOKEY CAPITAL, INC. as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all action to advance the Company's right and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of HOULIHAN LOKEY CAPITAL, INC.; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of DONLIN, RECANO & COMPANY, INC. as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of DONLIN, RECANO & COMPANY, INC.; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties

63341144.5

under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases.

## C.    Cash Collateral and Adequate Protection

**RESOLVED**, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in Bankruptcy Code section 363(a) (the "Collateral"), which is security for Project Build Behavioral Health, LLC ("First Lien Lender"), as successor-in-interest to the first lien lenders party to that certain Second Amended and Restated Credit Agreement, dated as of February 12, 2014 (as amended, modified or supplemented and in effect immediately prior to the Petition Date, the "First Lien Credit Agreement"); and it is further

**RESOLVED**, that to use and obtain the benefits of the Collateral and in accordance with Bankruptcy Code section 363, the Company will provide certain adequate protection to the First Lien Lender (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court; and it is further

**RESOLVED**, that the form, terms and provisions of the Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted and approved, and each of the Authorized Officers of the Company be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Directors, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is further

**RESOLVED,** that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions"); and it is further

**RESOLVED,** that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the First Lien Lender; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document; and it is further

**RESOLVED,** that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the First Lien Lender to file any Uniform Commercial Code (the "UCC") financing statements, any mortgages, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the First Lien Lender deems necessary or appropriate to perfect any lien or security interest granted under the Cash Collateral Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the First Lien Lender may reasonably request to perfect the security interests of the First Lien Lender under the Cash Collateral Order; and it is further

**RESOLVED,** that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED,** that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof

## D.    Debtor-in-Possession Financing

**IT IS FURTHER RESOLVED,** that the Company, as debtor and debtor-in-possession under the Chapter 11 Cases shall be, and hereby is, authorized by the Directors to: (a) undertake any and all transactions contemplated in the Debtor In Possession Creditor Agreement (the "DIP Credit Agreement") by and among the Company, as the Borrower, First Lien Lender as Lender, on substantially the terms and subject to the conditions described to the Directors and as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (b) borrow funds from and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such First Lien Lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; (c) execute and deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Directors; and (e) pay related fees and grant security interests in and liens upon some, any or all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions; and it is further

**RESOLVED,** that each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Company to incur and perform its obligations under the DIP Credit Agreement and the other "DIP Loan Documents" (as defined in the DIP Credit Agreement) (collectively, the "DIP Loan Documents"), and all other agreements, instruments and documents or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the other DIP Loan Documents and the Financing Transactions (collectively, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof; and it is further

**RESOLVED,** that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents to which the Company is a party be, and the same hereby are in all respects approved, and that any Authorized Officers or other officers of the Company are hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver and to execute and file the DIP Credit Agreement and each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Directors, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is further

5

**RESOLVED,** that the Authorized Officers and each other officer of the Company be, and each of them hereby are, authorized and empowered to authorize First Lien Lender to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Company that the First Lien Lender deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the First Lien Lender may reasonably request to perfect the security interests of the First Lien Lender on behalf of itself and the other secured parties under the DIP Loan Documents; and it is further

**RESOLVED,** that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Directors, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP Financing Documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof; it is further

**RESOLVED,** that the Company will obtain benefits from the incurrence of the loans and letters of credit under the DIP Credit Agreement by the Borrower and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Loan Documents and the transactions under the DIP Financing Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Company; and it is further

**RESOLVED,** that the capitalized terms used in the resolutions under the caption "Debtor-in-Possession Financing" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement.

**E.      General**

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

**RESOLVED,** that all members of the Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing

resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

**RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Directors; and it is further

**RESOLVED,** that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

This Consent may be signed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one instrument.

*[Remainder of Page Intentionally Left Blank]*

63341144.5

**IN WITNESS WHEREOF**, the undersigned have executed this Consent effective as of the date first set forth above.

_John Young_
John Young

_David Pegg_
David Pegg

_Russell Ragland_
Russell Ragland

_Unanimous Consent of the Directors of EBH TOPCO, LLC_

63341144.5

DocuSign Envelope ID: 5983AB79-BC15-4BC4-8C42-A5365D14930E

**Schedule 1**

Company and Affiliates

- EBH Topco, LLC
- EBH Holding Company, Inc.
- Elements Behavioral Health, Inc.
- Assurance Toxicology Services, LLC
- EBH Acquisition Subsidiary, Inc.
- EBH Big Rock, Inc.
- EBH Services of Florida, Inc.
- EBH Northeast Services, Inc.
- EBH Southwest Services, Inc.
- Elements Screening Services, Inc.
- Intensive Outpatient Services PA, Inc.
- NE Sober Living, Inc.
- Northeast Behavioral Services, Inc.
- Outpatient Services FL, Inc.
- Outpatient Services TN, Inc.
- SoCal Rehab and Recovery, Inc.
- Southeast Behavioral Health Services, Inc.
- The Ranch on the Piney River, Inc.
- The Sexual Recovery Institute, Inc.
- Westside Sober Living Centers, Inc.
- Spirit Lodge, LLC
- San Cristobal Treatment Center, LLC
- Ehrman Subsidiary Corp.
- PROMAL2, Inc.
- PROMAL4, Inc.
- SBAR2, Inc.
- Promises Residential Treatment Center VI, Inc.
- Wrightsville Services, LLC
- Elements Medical Group of Arizona, Inc.
- TRS Behavioral Care, Inc.
- Elements Medical Group of Mississippi, Inc.
- Elements Medical Group of Utah, Inc.

63341144.5

Fill in this information to identify the case:

Debtor name   EBH TOPCO, LLC, et al.

United States Bankruptcy Court for the:   _____ District of   DELAWARE_____

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GEORGE JOSEPH 2526 BELLMEADE STREET HOUSTON, TX 77019 UNITED STATES | GEORGE JOSEPH PHONE: 713-819-2255 EMAIL: CEO@GEORGEJOSEPH.COM | Legal Settlement | | | | $2,500,000 |
| 2 | ROBIN BARNETT 1 SEAGARDEN DRIVE LINWOOD, NJ 08221 UNITED STATES | ROBIN BARNETT PHONE: 608-513-5972 EMAIL: RMBARN@AOL.COM | Unsecured Notes | | | | $2,337,353 |
| 3 | RANDI MASSEY-ALVARADO 301 FOREST DRIVE LINWOOD, NJ 08221 UNITED STATES | RANDI MASSEY-ALVARADO PHONE: 609-432-6615 EMAIL: RANDIK1002AOL.COM | Unsecured Notes | | | | $2,337,353 |
| 4 | GOODWIN PROCTER LLP 100 NORTHERN AVE BOSTON, MA 02210 UNITED STATES | MARK J. ABATE PHONE: 617-570-1000 FAX: 617-523-1231 EMAIL: MABATE@GOODWINLAW.COM | Trade Payable | | | | $2,045,000 |
| 5 | KPMG LLP 345 PARK AVENUE NEW YORK, NY 10154-0102 UNITED STATES | LYNNE M. DOUGHTIE CHAIRMAN PHONE: 212-758-9700 FAX: 212-758-9819 | Trade Payable | | | | $1,324,479 |
| 6 | WBL MANAGEMENT, LLC 7373 BROADWAY SUITE 300 SAN ANTONIO, TX 78209 UNITED STATES | ATTN: DAVID NAVARRO ATTORNEY PHONE: 210-271-1700 FAX: 210-271-1740 EMAIL: DNAVARRO@HFGTX.COM | Legal Settlement | | | | $650,000 |
| 7 | WPROMOTE, LLC 2100 E GRAND AVE FIRST FLOOR EL SEGUNDO, CA 90245 UNITED STATES | MICHAEL STONE PHONE: 310-421-4844 EMAIL: MSTONE@WPROMOTE.COM | Trade Payable | Disputed | | | $556,511 |
| 8 | ALVARADO & BARNETT, LLC 301 FOREST DRIVE LINWOOD, NJ 08221 UNITED STATES | RANDI MASSEY-ALVARADO AND ROBIN BARNETT PHONE: 609-432-6615 AND 608-513-5972 EMAIL: RANDIK1002AOL.COM AND RMBARN@AOL.COM | Trade Payable | | | | $266,551 |

Debtor   EBH TOPCO, LLC, et al.                                                                Case Number (if known)
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9   BAKER & HOSTETLER LLP 127 PUBLIC SQ STE. 2000 CLEVELAND, OH  44114-1214 UNITED STATES | HEWITT B. SHAW MANAGING PARTNER PHONE: 216-621-0200 FAX: 216-696-0740 EMAIL: HSHAW@BAKERLAW.COM | Trade Payable | | | | $246,001 |
| 10  TEXICAN INC C/O WINNINGHAM BECKER & CO LLP 21031 VENTURA BLVD SUITE 1000 WOODLAND HILLS, CA  91364 UNITED STATES | LARRY WINNINGHAM CPA PHONE: 818-598-6525 FAX: 818-598-6535 EMAIL: INFO@WBAC.COM | Trade Payable | | | | $173,016 |
| 11  MICROSOFT ONLINE INC (BING ADS) SUBSIDIARY OF MICROSOFT INC ONE MICROSOFT WAY REDMOND, WA  98052-6399 UNITED STATES | BRAD SMITH PRESIDENT PHONE: 425-882-8080 FAX: 425-706-7329 | Trade Payable | | | | $135,967 |
| 12  ALLSCRIPTS LLC 222 MERCHANDISE MART PLAZA SUITE 2024 CHICAGO, IL  60654 UNITED STATES | DANIELLE PROTEXTER ASSOCIATE MANAGER PHONE: 800-334-8534 EMAIL: DANIELLE.PROTEXTER@ALLSCRIPTS.COM | Trade Payable | Disputed | | | $134,946 |
| 13  QUANTUM ANALYTICS 3400 EAST THIRD AVENUE FOSTER CITY, CA  94404 UNITED STATES | MARTY KALOOSTIAN PRESIDENT PHONE: 650-312-0900 FAX: 650-312-0313 | Trade Payable | | $173,468 | $56,554 | $116,914 |
| 14  RELIASTAR LIFE INSURANCE COMPANY 20 WASHINGTON AVENUE SOUTH MINNEAPOLIS, MN  55401 UNITED STATES | CAROLYN MACBURNEY JOHNSON PRESIDENT PHONE: 612-372-5432 FAX: 612-372-5339 | Trade Payable | | | | $114,866 |
| 15  STAPLES ADVANTAGE 500 STAPLES DR FRAMINGHAM, MA  01702 UNITED STATES | J. ALEXANDER DOUGLAS PRESIDENT PHONE: 508-253-5000 FAX: 508-253-5476 EMAIL: SUPPORT@ORDERS.STAPLES.COM | Trade Payable | | | | $106,368 |
| 16  STEEL HOUSE INC 3644 EASTHAM DR CULVER CITY, CA  90232 UNITED STATES | MARK DOUGLAS PRESIDENT & CEO PHONE: 844-773-7171 EMAIL: STEELHOUSE@SHIFTCOMM.COM | Trade Payable | | | | $105,718 |
| 17  RR DONNELLEY 35 WEST WACKER DRIVE CHICAGO, IL  60601 UNITED STATES | DANIEL L. KNOTTS PRESIDENT & CEO PHONE: 800-742-4455 | Trade Payable | | | | $102,206 |
| 18  BACHMAN'S ROOFING,BUILDING & REMODELING INC 36 S ELM ST WERNERSVILLE, PA  19565 UNITED STATES | ERIC BACHMAN OWNER PHONE: 610-678-8004 FAX: 610-670-7151 | Trade Payable | | | | $100,396 |

Debtor   EBH TOPCO, LLC, et al.

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | GOOGLE INC<br>1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043<br>UNITED STATES | LARRY PAGE<br>CEO & DIRECTOR<br><br>PHONE: 650-253-0000<br>FAX: 650-253-0001 | Trade Payable | | | | $100,192 |
| 20 | WILSON ELSER MOSKOWITZ EDELMAN & DICKER<br>150 E.42ND ST<br>NEW YORK, NY 10017<br>UNITED STATES | ROGERY LUM<br>REGIONAL MANAGING PARTNER<br><br>PHONE: 212-490-3000<br>FAX: 212-490-3038<br>EMAIL:<br>LARRY.LUM@WILSONELSER.COM | Trade Payable | | | | $96,586 |
| 21 | AGILENT TECHNOLOGIES INC<br>5301 STEVENS CREEK BLVD.<br>SANTA CLARA, CA 95051<br>UNITED STATES | MICHAEL TANG<br>GENERAL COUNSEL<br><br>PHONE: 408-345-8886<br>FAX: 408-345-8474 | Trade Payable | | | | $94,024 |
| 22 | BUTLER SNOW LLP<br>RENAISSANCE AT COLONY PARK<br>1020 HIGHLAND COLONY PARKWAY,<br>SUITE 1400<br>RIDGELAND, MS 39158-6010<br>UNITED STATES | DONALD CLARK, JR.<br>MANAGING PARTNER<br><br>PHONE: 601-985-4586<br>FAX: 601-985-4500<br>EMAIL:<br>DON.CLARK@BUTLERSNOW.COM | Trade Payable | | | | $86,183 |
| 23 | BDO SEIDMAN, LLP<br>600 ANTON BLVD STE 500<br>COSTA MESA, CA 92626<br>UNITED STATES | WAYNE BERSON<br>CHIEF EXECUTIVE OFFICER<br><br>PHONE: 714-957-3200<br>FAX: 714-957-1080 | Trade Payable | | | | $76,369 |
| 24 | LINKEDIN CORPORATION<br>2029 STIERLIN COURT<br>MOUNTAIN VIEW, CA 94043<br>UNITED STATES | JEFFREY WEINER<br>CHIEF EXECUTIVE OFFICER<br><br>PHONE: 650-687-3600<br>FAX: 650-810-2897<br>EMAIL: SUPPORT@LINKEDIN.COM | Trade Payable | | | | $76,139 |
| 25 | PERSHING YOAKLEY & ASSOCIATES P.C<br>2220 SUTHERLAND AVE<br>KNOXVILLE, TN 37919<br>UNITED STATES | CATHERINE BUNCH<br>PRINCIPAL<br><br>PHONE: 865-673-0844<br>FAX: 865-673-0173 | Trade Payable | | | | $71,153 |
| 26 | CORESOURCE INC<br>400 FIELD DRIVE<br>LAKE FOREST, IL 60045<br>UNITED STATES | NANCY ECKRICH<br>PRESIDENT & CEO<br><br>PHONE: 847-604-9200<br>FAX: 847-615-3900 | Trade Payable | | | | $63,948 |
| 27 | MED METRIX LLC<br>9 ENTIN RD 3RD FL<br>PARSIPPANY, NJ 07054<br>UNITED STATES | JOSEPH H. DAVI<br>CEO, PRESIDENT & DIRECTOR<br><br>PHONE: 201-782-0200<br>FAX: 201-782-0108 | Trade Payable | | | | $63,889 |
| 28 | INSIGHT DIRECT USA, INC<br>6820 S HARL AVE<br>TEMPE, AZ 85283<br>UNITED STATES | KEN LAMNECK<br>PRESIDENT & CEO<br><br>PHONE: 480-889-9500<br>FAX: 480-333-3330 | Trade Payable | | | | $59,079 |

Debtor    EBH TOPCO, LLC, et al.                                                    Case Number (if known)
          Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | LEUCADIA NATIONAL CORPORATION (JEFFERIES LLC) 520 MADISON AVE BSMT A NEW YORK, NY  10022 UNITED STATES | RICHARD B. HANDLER CEO  PHONE: 212-460-1900 FAX: 212-598-4869 | Trade Payable | | | | $58,392 |
| 30 | MACIAS GINI & O'CONNELL LLP 3000 S STREET SUITE 300 SACRAMENTO, CA  95816 UNITED STATES | PHONE: 916-928-4600 FAX: 916-928-2755 | Trade Payable | | | | $51,948 |