# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>EBH TOPCO, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 18-11212 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date**: TBD[2]<br>**Objection Deadline**: TBD |

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
AN ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 2004, AND LOCAL BANKRUPTCY RULE 2004-1,
AUTHORIZING AND DIRECTING THE EXAMINATION OF
CERTAIN THIRD PARTIES**

The Official Committee of Unsecured Creditors (the "Committee") of EBH Topco, LLC, *et al.*, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through the undersigned proposed counsel, hereby submits this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1 of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are EBH Topco, LLC (6103), Elements Behavioral Health, Inc. (7176), EBH Holding Company, Inc. (0370), EBH Big Rock, Inc. (1880), SoCal Rehab and Recovery, Inc. (3741), The Sexual Recovery Institute, Inc. (1279), Westside Sober Living Centers, Inc. (5717), Ehrman Subsidiary Corp. (3958), PROMAL2, Inc. (1377), PROMAL4, Inc. (2453), SBAR2, Inc. (9844), Promises Residential Treatment Center VI, Inc. (1112), Assurance Toxicology Services, LLC (9612), Elements Screening Services, Inc. (0055), TRS Behavioral Care, Inc. (6343), Spirit Lodge, LLC (1375), San Cristobal Treatment Center, LLC (1419), EBH Acquisition Subsidiary, Inc. (6132), EBH Services of Florida, Inc. (6802), Outpatient Services FL, Inc. (9596), EBH Northeast Services, Inc. (3551), Intensive Outpatient Services PA, Inc. (5581), Wrightsville Services, LLC (9535), NE Sober Living, Inc. (1955), Northeast Behavioral Services, Inc. (8881), The Ranch on Piney River, Inc. (0195), Outpatient Services TN, Inc. (5584), EBH Southwest Services, Inc. (5202), Elements Medical Group of Utah, Inc. (9820), Southeast Behavioral Health Services, Inc. (1267), Elements Medical Group of Mississippi, Inc. (4545), and Elements Medical Group of Arizona, Inc. (8468). The location of the Debtors' mailing address is 5000 Airport Plaza Dr., Suite 100, Long Beach, California 90815.

[2] Contemporaneous with the filing of this Motion, the Committee will be filing a motion to shorten the notice periods with respect to the same.

{BAY:03305967v2}

Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking the entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), authorizing subpoenas (1) for the production of the documents relating to the topics (the "Examination Topics") attached hereto as Exhibit B from each of the following parties: BlueMountain Capital Management, LLC and certain of its affiliates and related entities ("Blue Mountain"),[3] including Project Build Behavioral Health, LLC ("PBBH")[4] and the Initial Purchaser (as defined below) (collectively, the "Rule 2004 Parties") within five (5) calendar days from the service of such subpoenas, and (2) to compel the Rule 2004 Parties to appear at deposition(s) through knowledgeable representatives, on the matters listed on Exhibit B hereto to be scheduled to occur within five (5) calendar days after completing their document productions.  In support of the Motion, the Committee respectfully represents as follows:

## I.      PRELIMINARY STATEMENT[5]

The Debtors' expedited sale process is underway.  Pursuant to the Court-approved timeline, the Committee has a mere three (3) weeks from the date this Motion is filed to determine whether the conduct of PBBH, as successor in interest to Madison Capital, the Debtors' prepetition lender, the proposed DIP lender and proposed stalking horse bidder, warrants a limitation of PBBH's credit bid rights pursuant to section 363(k) of the Bankruptcy Code.  Based upon the limited information received to date, it appears that

---

[3]    The specific BlueMountain entities that are involved in the Prepetition Transactions include: BlueMountain Guadalupe Peak Fund L.P., BlueMountain Foinaven Master Fund L.P., BlueMountain Fursan Fund L.P., BlueMountain Summit Opportunities Fund II (US) L.P., and BMSB L.P.

[4]    Upon information and belief, PBBH is a joint venture between BlueMountain and Klein.

[5]    All capitalized terms used in this Preliminary Statement, not otherwise defined, shall be defined herein.

PBBH and its affiliates participated in a "loan to own" scheme designed to purchase the Debtors' assets at a fraction of the pre-bankruptcy going-concern value through credit bidding. It is critical that the Committee investigate such acts now and, if appropriate, seek to preclude PBBH from unfairly profiting from any misdeeds at the expense of the Debtors and their other creditors.

It is against the backdrop of the expedited timeline, which sets a July 13, 2018 deadline for the Committee to challenge the enforceability of PBBH's credit bid, that the Committee is compelled to file this Motion. It is critical that the Committee have access to necessary information in order to determine whether PBBH's credit bid is appropriate. Prior to filing the Motion, the Committee reached out to all of the interested parties. The Committee has agreed to proceed on an informal basis with a number of parties, including the Debtors, Madison Capital Funding LLC ("Madison Capital"), and Jefferies LLC ("Jefferies").[6] With respect to the investigation of the 2004 Parties, a consensual process was not achieved. In fact, PBBH has failed to agree to provide any of the requested documentation and BlueMountain ignored and did not respond to the Committee's request to meet and confer. BlueMountain and PBBH must not be permitted to use the processes of the Bankruptcy Code and Bankruptcy Rules to obtain the Debtors' assets under the supervision of this Court while at the same time refusing to participate in the discovery rules applicable to these Chapter 11 Cases.

For this reason, the Committee brings the instant motion seeking entry of an order compelling production of documents on an expedited basis by the 2004 Parties.

---

[6] The Committee has received many of the underlying first lien and second lien loan documents, as well as the UCC-1 financing statements; however, it is seeking additional documents and information to complete its investigation as more fully set forth in the proposed subpoenas attached hereto as Exhibit B.

## II.    JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the requested relief are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Bankruptcy Rule 2004-1.

## III.    BACKGROUND

### A.    The Bankruptcy Case

3. On May 23, 2018 ("Petition Date"), the Debtors by each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee or examiner has been requested or appointed. The *Declaration of Martin McGahan, Chief Restructuring Officer of Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 16] (the "First Day Declaration")[7] provides additional background on the Debtors and these cases.

4. On June 6, 2018, the Committee was appointed in this case by the United States Trustee. The Committee consists of the following five members: (i) George Joseph; (ii) Robin Barnett; (iii) WBL Management, LLC; (iv) WPROMOTE, LLC; and (v) RR Donnelly. That same day, the Committee selected Arent Fox LLP and Bayard,

---

[7] Capitalized terms not defined herein shall have the meaning ascribed to them in the First Day Declaration.

P.A. to serve as co-counsel to the Committee and Zolfo Cooper, LLC to serve as the Committee's financial advisor.

5. On the Petition Date, the Debtors filed (i) the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Secured Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Setting a Final Hearing, and (VI) Granting Related Relief* [D.I. 15] (the "DIP Motion") and (ii) the *Motion of Debtors for Entry of (I) an Order (A) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (B) Approving the Form and Manner of Notice Thereof, (C) Scheduling an Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Contracts, and (E) Granting Related Relief; and (II) an Order (A) Approving the Asset Purchase Agreement Between the Debtors and the Successful Bidder, (B) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (C) Authorizing the Assumption and Assignment of Contracts, and (D) Granting Related Relief* [D.I. 19] (the "Sale Motion").

6. On June 13, 2018, the Court entered an order approving the bidding procedures (the "Bidding Procedures") requested in the Sale Motion, as revised after consultation with the UST, the Committee, and the DIP Lender [D.I. 139].

7. The Bidding Procedures provides for the following deadlines (all capitalized terms as defined in the Bidding Procedures):

    a. July 13, 2018 at 5:00 PM ET: deadline to object to the Credit Bid

    b. July 16, 2018 at 4:00 PM ET: deadline to submit Bids

  c.  July 18, 2018 at 10:00 AM ET: Auction

  d.  July 19, 2018 at 10:00 AM ET: Sale Hearing

8. On June 20, 2018, the Committee filed its objection to the DIP Motion [D.I. 148] (the "DIP Objection").

**B. Prepetition Issues**

9. As discussed further in the DIP Objection, the Committee's investigation into PBBH's acquisition of the Debtors' first-lien prepetition debt and the conduct of the prepetition sales process (collectively, the "Prepetition Transactions") is in its beginning stages. As an initial matter, the First Day Declaration provides some history surrounding the Prepetition Transactions. *See, e.g.,* First Day Declaration at ¶¶17-35.

10. Upon information and belief, Jefferies (a member of the prepetition first lien group and prepetition second lien group), at the direction of the Former First Lien Lenders, ran a prepetition sale process.

11. While not disclosed by the Debtors in the First Day Declaration, upon information and belief an affiliate of PBBH (the "Initial Purchaser") sought to purchase the Debtors' assets through a traditional sale prior to the Petition Date. Despite having an agreement in principal the Initial Purchaser's acquisition of the Debtors' stock, the Initial Purchaser reduced the proposed purchase price by $20 million and converted the offer to an asset purchase. Following this sudden change in terms, the Debtors terminated exclusivity and failed to move forward with the proposed transaction. Shortly thereafter, BlueMountain or PBBH purchased the first-lien prepetition debt from Madison Capital and other members of the first lien lender group, presumably for a fraction of the face

amount, with the intention of acquiring the same assets through a credit bid transaction postpetition at the reduced price rejected by the Debtors prepetition.

12. Accordingly, PBBH (a joint venture between BlueMountain and Klein) is now attempting to use its alleged right to credit bid all of the valuable assets of the Debtors under the auspices of section 363 of the Bankruptcy Code. PBBH has presumably identified the value of the Debtors' assets and is now adopting a "loan to own" strategy in an effort to acquire them.

13. While the Committee has reviewed the underlying documents provided by PBBH and the Debtors, much more information is needed for the Committee to corroborate and expand upon the Committee's understanding. Accordingly, the Committee brings this Motion so that it may obtain the information it so urgently needs without delay.

## IV.   RELIEF REQUESTED

14. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Rule 2004-1, the Committee respectfully request an order substantially in the form attached hereto as Exhibit A (1) for the production of the documents relating to the Examination Topics attached hereto as Exhibit B from the Rule 2004 Parties within five (5) calendar days from the service of such subpoenas, and (2) to compel the Rule 2004 Parties to appear at deposition(s) through knowledgeable representatives, on the matters listed on Exhibit B hereto to be scheduled to occur within five (5) calendar days after completing their document productions.

15. In the course of its examination, the Committee may identify additional entities from which they will require oral examinations and/or document production. If it does, the Committee proposes to include such additional entities in the examination

process by filing a "Notice of Additional Entities Subject to Previously Approved Oral Examination and Document Production," to which Notice shall be attached a supplemental Exhibit B describing the documents to be produced by such additional entities, and setting forth the date and time of the oral examination of and document production by such additional entities.  The Committee requests the Court approve service of subpoenas reflecting the documents requested and oral examination date reflected in each such Notice, together with a copy of the order granting this Motion, upon such additional entities without further order.

16. It may also be necessary during the course of the examination for the Committee to request the production of documents from the Rule 2004 Parties in addition to those described in Exhibit B.  In the event such documents are necessary, the Committee requests authorization to issue additional document production requests to the Rule 2004 Parties pursuant to the order granting this Motion by filing a "Notice of Additional Document Production Request," to which Notice shall be attached the additional document production request(s), and (b) serve a copy of such Notice on Rule 2004 Parties.  With respect to any such additional document production request, the Committee requests that this Court authorize a production deadline of five (5) calendar days from the date of service of the Notice.

### V. REQUESTED EXAMINATION TOPICS

17. The Examination Topics set forth in the Rider A to the proposed subpoenas attached as Exhibit B hereto include:

> a. Custody, collection, and production of the documents and electronically stored information produced in response to this Subpoena.

    b. The relationships between and among Klein, Blue Mountain, Initial Purchaser, PBBH, the Debtors, Jeffries, Houlihan, or the Former Prepetition First Lien Lenders.

    c. Efforts to market the Debtors, interests in the Debtors or assets of the Debtors prepetition. Efforts to market or conduct a sale process of the Debtors, interests in the Debtors or assets of the Debtors postpetition.

    d. Sale of the Former First Lien Lenders Debt to PBBH or BlueMountain.

    e. Financing of the Debtors prepetition.

    f. Financing of the Debtors postpetition.

    g. Transactions involving interests of the Former Prepetition First Lien Lenders relating to the Debtors.

18. The underlying legal issues in connection with the requested Examination Topics pertain to, among other things, the Prepetition Transactions. An understanding of these Prepetition Transactions is necessary to determine whether PBBH should be precluded from credit bidding at the upcoming auction.

### VI. BASIS FOR RELIEF

19. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Discovery under Rule 2004 includes both document discovery and depositions. Fed. R. Bankr. P. 2004(c).

20. Rule 2004 has been termed the "basic discovery device used [in] bankruptcy cases." *In re French*, 145 B.R. 991, 992 (Bankr. D.S.D. 1992). The purpose of Rule 2004 is to permit a broad investigation into the financial affairs of the debtors to assure the proper administration of bankruptcy estates. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (citations omitted.) The goal of the investigation is to discover

assets and expose any fraudulent conduct. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re Symington*, 209 B.R. at 683; *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (E.D. Pa. 1990). Such examination "allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate." *Teleglobe USA Inc. v. BCE Inc. (In re Teleglobe Comm'ns Corp.)*, 493 F.3d 345, 354 (3d Cir. 2007).

21.   A Rule 2004 examination is not limited to the debtor. *See* Fed. R. Bankr. P. 2004(a). The examination may be made of any entity with knowledge of the debtor's acts, property, liabilities, and financial affairs relating to the debtor's bankruptcy proceedings. *In re Valley Forge Plaza Assocs.*, 109 B.R. at 674; In re Fearn, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989). Emphasizing the broad purpose of Rule 2004, courts have been inclined to allow examination of any third party who can be shown to have had dealings with the debtor. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994); *In re Recoton Corp.*, 307 B.R. at 755 ("Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation.").

22.   Rule 2004(b) provides that the scope of the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). In addition, "the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." *Id.*

23. Moreover, the scope of a Bankruptcy Rule 2004 examination is broader than discovery under the Federal Rules of Civil Procedure. Indeed, courts have recognized that the scope of Bankruptcy Rule 2004 examinations is broad, unfettered, and can legitimately be in the nature of a "fishing expedition." *In re Millennium Lab Holdings II*, 562 B.R. at 626; *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); *In re Lev*, 2008 WL 207523, at *3 (Bankr. D.N.J. 2008); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Valley Forge Plaza Assocs.*, 109 B.R. at 674.

24. The Committee unquestionably meets the threshold for allowing the requested Rule 2004 discovery. The requests are in furtherance of the Committee's statutory duty to investigate the actions of the parties who participated in the Prepetition Transactions to determine the extent of the estate's rights against such parties and, consequently, whether the proposed stalking horse credit bid is precluded by matter of law. The Committee has identified targeted categories of documents that it wishes to review and corresponding areas of deposition inquiry, and the requests are narrowly-tailored to aid the Committee's focused investigation.

25. Given the compressed schedule for approval of the Debtors' sale, the Committee seeks a deadline for the production of documents relating to the Examination Topics within five (5) calendar days from the service of subpoenas requesting same, and a deadline for deposition(s) through knowledgeable representatives, on the matters listed on <u>Exhibit B</u> hereto to be scheduled to occur within five (5) calendar days after completing their document productions.

## VII. CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

26. On June 21, 2018, counsel to the Committee contacted counsel for PBBH to discuss the turnover of documents requested in this Motion. To date, counsel for the Committee has been informed, through counsel, that PBBH is unwilling to consensually provide any discovery to the Committee that is requested through the Motion.

27. On June 21 and 22, 2018, counsel to the Committee attempted to contact Laura Cappiello, Deputy General Counsel for BlueMountain by telephone to discuss the turnover of documents requested in this Motion. Having received no response from Ms. Cappiello, and being unable to locate an e-mail address for Ms. Cappiello, on June 22, 2018, counsel for the Committee also attempted to contact Ms. Cappiello by facsimile. To date, counsel for BlueMountain has not returned counsel for the Committee's attempts to meet and confer.

## VIII. NOTICE

28. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel for the Debtors, (iii) counsel for the Rule 2004 Parties, and (iv) all parties who have filed a notice of appearance and requested service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

## IX. RESERVATION OF RIGHTS

29. The Committee reserves the right to apply to the Court to seek additional discovery in connection with these matters.

30. It may occur that prior to the scheduled hearing on these matters, one or more of the proposed examinees may have produced documents that are responsive by category to the document requests of the Committee. It may also occur that one or more

of the proposed examinees may indicate dates for the taking of depositions which the Committee must conduct. If that takes place, the Committee will report these developments to the Court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Committee respectfully requests that the Court grant the relief requested herein, enter the Proposed Order, and for such other and further relief as it deems just and proper.

Dated: June 22, 2018  
       Wilmington, Delaware

BAYARD, P.A.

*/s/ Evan T. Miller*  
Justin R. Alberto (No. 5126)  
GianClaudio Finizio (No. 4253)  
Evan T. Miller (No. 5364)  
Daniel N. Brogan (No. 5723)  
600 N. King Street, Suite 400  
Wilmington, Delaware 19801  
Telephone:   (302) 655-5000  
Facsimile:   (302) 658-6395  
Email: jalberto@bayardlaw.com  
       gfinizio@bayardlaw.com  
       emiller@bayardlaw.com  
       dbrogan@bayardlaw.com

-and-

ARENT FOX LLP  
Robert M. Hirsh  
George P. Angelich  
Jordana L. Renert  
Nicholas A. Marten  
1675 Broadway  
New York, New York 10019  
Telephone:   (212) 484-3900  
Facsimile:   (212) 484-3990  
Email: robert.hirsh@arentfox.com  
       george.angelich@arentfox.com  
       jordana.renert@arent.fox.com  
       nicholas.marten@arentfox.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*