**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **EBH TOPCO, LLC,** *et al.*,[1] ) | Case No. 18-11212 (BLS) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Hearing Date:** |
| ) | **January 24, 2019 @ 10:00 a.m.** |
| ) | |
| ) | **Objection Deadline:** |
| ) | **January 14, 2019 @ 4:00 p.m.** |
| ) | Extended for the U.S. Trustee to |
| ) | January 18, 2019 @ 4:00 p.m. |
| ) | |

**THE UNITED STATES TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT**
**AND CHAPTER 11 PLAN OF LIQUIDATION OF EBH TOPCO, LLC, *ET AL.* (D.I. 589)**

In support of his objection to confirmation of the Combined Disclosure Statement and Chapter 11 Plan Of Liquidation Of EBH Topco, LLC, *et al.* (D.I. 589) (the "Plan"), Andrew R. Vara, the Acting United States Trustee for Region 3 ("U.S. Trustee"), through his undersigned attorney, states as follows:

**I.  Introduction**

      1.    The exculpation provision in the Plan extends to non-fiduciaries, including the entity who purchased the Debtors' prepetition secured debt on the eve of bankruptcy in order to purchase the Debtors' assets through a credit bid.  The exculpation provision extends to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are EBH Topco, LLC (6103), Elements Behavioral Health, Inc. (7176), EBH Holding Company, Inc. (0370), EBH Big Rock, Inc. (1880), SoCal Rehab and Recovery, Inc. (3741), The Sexual Recovery Institute, Inc. (1279), Westside Sober Living Centers, Inc. (5717), Ehrman Subsidiary Corp. (3958), PROMAL2, Inc. (1377), PROMAL4, Inc. (2453), SBAR2, Inc. (9844), Promises Residential Treatment Center VI, Inc. (1112), Assurance Toxicology Services, LLC (9612), Elements Screening Services, Inc. (0055), TRS Behavioral Care, Inc. (6343), Spirit Lodge, LLC (1375), San Cristobal Treatment Center, LLC (1419), EBH Acquisition Subsidiary, Inc. (6132), EBH Services of Florida, Inc. (6802), Outpatient Services FL, Inc. (9596), EBH Northeast Services, Inc. (3551), Intensive Outpatient Services PA, Inc. (5581), Wrightsville Services, LLC (9535), NE Sober Living, Inc. (1955), Northeast Behavioral Services, Inc. (8881), The Ranch on Piney River, Inc. (0195), Outpatient Services TN, Inc. (5584), EBH Southwest Services, Inc. (5202), Elements Medical Group of Utah, Inc. (9820), Southeast Behavioral Health Services, Inc. (1267), Elements Medical Group of Mississippi, Inc. (4545), and Elements Medical Group of Arizona, Inc. (8468). The location of the Debtors' mailing address is 5000 Airport Plaza Dr., Suite 100, Long Beach, California 90815.

conduct that occurred outside of the bankruptcy proceeding, and includes a provision authorizing the exculpated parties to rely upon advice of counsel.  Exculpation should benefit only fiduciaries of the Debtors' estates, should be limited to acts and omissions during the course of the bankruptcy cases, and should not include the "reliance upon advice of counsel" provision.

## JURISDICTION

2.     Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion and this Objection.

3.     The U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district, pursuant to 28 U.S.C. § 586.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code.  *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest . . . that the Trustee has standing to attempt to prevent circumvention of that responsibility." ); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for 'protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

4. Specifically, in accordance with 28 U.S.C. § 586(a)(3) and more specifically 28 U.S.C. § 586(a)(a)(3)(B), the U.S. Trustee is charged with the duties and obligations to supervise the administration of cases and trustees in Chapter 11 cases, monitoring plans and disclosure statements filed in Chapter 11 cases and filing with the court, in connection with hearings under sections 1125 and 1128, comments with respect to such plans and disclosure statements.

5. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), the United States Trustee has standing to be heard on the Motion and the issues raised in this Objection.

## BACKGROUND

6. On May 23, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

7. On June 11, 2018, the U.S. Trustee appointed an official committee of unsecured creditors.

8. The Debtors filed the Plan on November 11, 2018.

9. The Plan includes the following exculpation provision:

> Except as otherwise specifically provided in the Combined Plan and Disclosure Statement, none of the Exculpated Parties shall have or incur any liability to any holder of a Claim or Interest (including Estate Claims) for any act or omission in connection with, related to, or arising out of the Chapter 11 Cases, the Combined Plan and Disclosure Statement, the pursuit of Confirmation, the consummation of the Combined Plan and Disclosure Statement, the administration of the Combined Plan and Disclosure Statement, the property to be liquidated and/or distributed under the Combined Plan and Disclosure Statement or any prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors, except for their willful or gross negligence as determined by a Final Order of a court of competent jurisdiction, and in all

respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Combined Plan and Disclosure Statement.

10. "Exculpated Parties" are defined as:

individually and collectively, in each case solely in their capacity as such, each and all of: (a) the Debtors' current Professionals; (b) the Debtors' CRO; (c) the Debtor's Board and officers who are serving in such capacity as of the Petition Date solely consisting of the following individuals Dr. David Sack, Edith Bauer, Esq., Jonathon Young, Russell Ragland, David Pegg, and Nicholas Poan; (d) PBBH; and (e) the Committee and members of the Committee in their capacity as members of the Committee. With respect to each of the foregoing identified in subsections (d) and (e), each and all of their respective direct and indirect current and former affiliates, subsidiaries, partners (including general partners and limited partners), investors, managing members, members, officers, directors, principals, employees, managers, controlling persons, agents, attorneys, investment bankers, Professionals, advisors, and representatives, each in their capacity as such, but excluding all officers and directors of the Debtors who were not serving in that capacity as of the Petition Date.

11. PBBH is Project Build Behavioral Health, LLC. *See* Plan at p. 13. On or about May 9, 2018, PBBH purchased the Former Prepetition First Lien Lenders' rights under the Prepetition First Lien Credit Agreement, the Intercreditor Agreement, and the related Prepetition First Lien Documents. Plan at p. 24. PBBH provided debtor in possession financing to the Debtors, and acted as the Stalking Horse Bidder. Ultimately, the Debtors obtained approval to sell substantially all of their assets to PBBH.

## ARGUMENT

12. An "exculpation clause must be limited to the *fiduciaries* who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers." *In re Washington Mutual, Inc.*, 442 B.R. 314, 350-51

(Bankr. D. Del. 2011) (Walrath, J.) (emphasis added). The Court in *In re Tribune Company,* 464 B.R. 126 (Bankr. D. Del. 2011)(Carey, J.), stated agreement with the holding in *Washington Mutual* relating to exculpated parties, and held that the exculpation clause in *Tribune,* "must exclude non-fiduciaries." *Id.* at 189, quoting *Washington Mutual,* 422 B.R. at 350 -51. *Accord, Indianapolis Downs,* 486 B.R. 286 (Bankr. D. Del. 2013).

13. In *In re PTC Holdings LLC,* 55 Bankr. Ct. Dec 206, 2011 Bankr. LEXIS 4436, *38 (Bankr. D. Del. Nov. 10, 2011) (Shannon, J.), the Court sustained the U.S. Trustee's objection to the exculpation clause, stating that such clause "must be reeled into include only those parties who have acted as estate fiduciaries and their professionals." *Id.* at * 38. In reaching this conclusion, the *PTC* Court reviewed the *Washington Mutual* decision, as well as the decision of the Third Circuit Court of Appeals in *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000), on which *Washington Mutual* relied. The issue in *PWS* was whether an official committee of unsecured creditors could receive exculpation. As described by this Court in *PTC Holdings:*

> In reaching its conclusion, the *PWS* court examined § 1103(c) and noted that the section "has been interpreted to imply both a fiduciary duty to committee constituents and a limited grant of immunity to committee members." "This immunity," the court found, "covers committee members for actions within the scope of their duties." The *PWS* court's reasoning thus implies that a party's exculpation is based upon its role or status as a fiduciary. That is why, as the *Washington Mutual* court pointed out, courts have permitted exculpation clauses insofar as they "merely state[] the standard to which ... estate fiduciaries [a]re held in a chapter 11 case." That fiduciary standard, however, applies only to estate fiduciaries, "no one else."

*PTC Holdings* at * 37-38 (citations omitted).

14. Here, the exculpation provision includes PBBH within its protection. PBBH, however, is not a fiduciary to the estate. Rather, as the purchaser of the First Lien

5

Claims, the DIP lender, and the purchaser of the Debtors' assets, PBBH holds no duties to the Debtors or their estates and has been acting in its own interest. As such, including PBBH in the exculpation provision is prohibited.

15. The exculpation provision further includes, "With respect to each of the [primary exculpated parties], each and all of their respective direct and indirect current and former affiliates, subsidiaries, partners (including general partners and limited partners), investors, managing members, members, officers, directors, principals, employees, managers, controlling persons, agents, attorneys, investment bankers, Professionals, advisors, and representatives, each in their capacity as such, but excluding all officers and directors of the Debtors who were not serving in that capacity as of the Petition Date." This overly-broad list includes entities that are not identified, and who do not owe any fiduciary duty to the estate.

16. In addition, the exculpation clause in the Plan should should be limited to actions taking place during the bankruptcy case and not pre-petition or post-confirmation activity. *See Washington Mutual*, 442 B.R. at 350 (exculpations cover "actions in the bankruptcy case"), *citing PWS*, 228 F.3d at 246.

17. Any provision allowing exculpated parties to rely upon advice of counsel should be omitted. It is not necessary, because advice of counsel is a defense under common law. In addition, the provision effectively elevates a defense to an immunity, and could also act to negate the exception for gross negligence and willful misconduct.

**WHEREFORE,** the United States requests that this Court deny confirmation of the Plan, and grant such other relief as this Court deems appropriate, fair and just.

Dated: January 18, 2019  Respectfully submitted,
       Wilmington, Delaware

       **ANDREW R. VARA**
       **ACTING UNITED STATES TRUSTEE**

       By: _/s/ Linda J. Casey_
          Linda J. Casey
          Trial Attorney
          United States Department of Justice
          Office of the United States Trustee
          J. Caleb Boggs Federal Building
          844 King Street, Suite 2207, Lockbox 35
          Wilmington, DE 19801
          (302) 573-6491 (Phone)
          (302) 573-6497 (Fax)
          Linda.Casey@usdoj.gov