## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EBH TOPCO, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-11212 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 570, 589, 593, 675, 693, 695, 696 & 699** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION OF EBH TOPCO, LLC, *ET AL.*

The above-captioned debtors and debtors in possession (the "**Debtors**") have filed (a) the *Combined Plan and Disclosure Statement of EBH Topco*, et al. [Docket No. 589] (the "**Combined Plan and Disclosure Statement**"); (b) the Plan Supplement [Docket No. 675]; (c) the *Motion of Debtors for an Order (i) Approving the Adequacy of the Disclosures in the Combined Plan and Disclosure Statement on an Interim Basis, (ii) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (iii) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement, (iv) Approving the Form of Ballot and Solicitation Package, and (v) Approving the Notice Provisions* [Docket No. 570] (the "**Interim Approval and Procedures Motion**"); (d) the *Declaration of*

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are EBH Topco, LLC (6103), Elements Behavioral Health, Inc. (7176), EBH Holding Company, Inc. (0370), EBH Big Rock, Inc. (1880), SoCal Rehab and Recovery, Inc. (3741), The Sexual Recovery Institute, Inc. (1279), Westside Sober Living Centers, Inc. (5717), Ehrman Subsidiary Corp. (3958), PROMAL2, Inc. (1377), PROMAL4, Inc. (2453), SBAR2, Inc. (9844), Promises Residential Treatment Center VI, Inc. (1112), Assurance Toxicology Services, LLC (9612), Elements Screening Services, Inc. (0055), TRS Behavioral Care, Inc. (6343), Spirit Lodge, LLC (1375), San Cristobal Treatment Center, LLC (1419), EBH Acquisition Subsidiary, Inc. (6132), EBH Services of Florida, Inc. (6802), Outpatient Services FL, Inc. (9596), EBH Northeast Services, Inc. (3551), Intensive Outpatient Services PA, Inc. (5581), Wrightsville Services, LLC (9535), NE Sober Living, Inc. (1955), Northeast Behavioral Services, Inc. (8881), The Ranch on Piney River, Inc. (0195), Outpatient Services TN, Inc. (5584), EBH Southwest Services, Inc. (5202), Elements Medical Group of Utah, Inc. (9820), Southeast Behavioral Health Services, Inc. (1267), Elements Medical Group of Mississippi, Inc. (4545), and Elements Medical Group of Arizona, Inc. (8468). The Debtors' mailing address is 5000 Airport Plaza Dr., Suite 100, Long Beach, California 90815.

*Jung W. Song on Behalf of Donlin, Recano & Company, Inc. Regarding Voting and Tabulation of Ballots Accepting and Rejections the Combined Disclosure Statement and Chapter 11 Plan of Liquidation of EBH Topco, LLC et al.* [Docket No. 695] (the "**Tabulation Declaration**"); (e) the *Declaration of Anthony Horvat, Chief Restructuring Officer of EBH Topco, LLC in Support of the Combined Chapter 11 Plan of Liquidation and Disclosure Statement of EBH Topco, LLC et al* [Docket No. 693] (the "**Confirmation Declaration**"); and (f) the *Debtors' Memorandum of Law in Support of Entry of an Order Confirming the Combined Disclosure Statement and Chapter 11 Plan of EBH Topco, LLC,* et al. [Docket No. 696] (the "**Confirmation Memorandum**"); and the Court having entered the *Order (i) Approving the Adequacy of the Disclosures in the Combined Plan and Disclosure Statement on an Interim Basis, (ii) Scheduling the Confirmation Hearing and Deadline for Filing Objections, (iii) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Combined Plan and Disclosure Statement, (iv) Approving the Form of Ballot and Solicitation Package, and (v) Approving the Notice Provisions* [Docket No. 593] (the "**Interim Approval and Procedures Order**"), approving, among other things the Combined Plan and Disclosure Statement on an interim basis, the contents of the Solicitation Package, and the solicitation procedures and tabulation procedures; and the Court having conducted an evidentiary hearing to consider confirmation of the Combined Plan and Disclosure Statement on February 12, 2019 (the "**Combined Hearing**"); and any responses or objections to confirmation of the Combined Plan and Disclosure Statement raised at or prior to the Combined Hearing (collectively, the "**Objections**") having been resolved, overruled, or withdrawn prior to or during the Combined Hearing; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, the Court hereby finds and determines that:

66814898.9

## FINDING OF FACT AND CONCLUSIONS OF LAW

A.      Findings and Conclusions. The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      Jurisdiction, Venue, Core Proceeding. The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Approval of the disclosures in and confirmation of the Combined Plan and Disclosure Statement are core proceedings pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under Bankruptcy Code section 109. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are the plan proponents in accordance with Bankruptcy Code section 1121(a). On May 23, 2018 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.

C.      The Committee. On June 6, 2018, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "**Committee**").

D.      Judicial Notice. The Court takes judicial notice of the docket in the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

66814898.9

E.    Adequate Information. The Combined Plan and Disclosure Statement contains adequate information within the meaning of Bankruptcy Code section 1125(a).

F.    Interim Approval and Procedures Order Compliance. The Debtors have complied with the Interim Approval and Procedures Order, including the solicitation process, in all respects.

G.    Burden of Proof. The Debtors have the burden of proving the elements of Bankruptcy Code sections 1125 and 1129(a) and (b) by a preponderance of the evidence. The Debtors have met their burden with respect to each Debtor and each element of Bankruptcy Code sections 1125 and 1129.

H.    Voting. As evidenced by the Tabulation Declaration, votes to accept or reject the Combined Plan and Disclosure Statement have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules, the solicitation process set forth in the Interim Approval and Procedures Order, and applicable nonbankruptcy law.

I.    Solicitation. The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, and the Interim Approval and Procedures Order. The Form of Ballots adequately addressed the particular needs of the Chapter 11 Cases and is appropriate to the Holders of Claims in the Voting Classes, which are impaired under the Combined Plan and Disclosure Statement, and may receive a distribution under the Combined Plan and Disclosure Statement, and whose votes were, therefore, solicited.

(1)    The period during which the Debtors solicited acceptances of the Combined Plan and Disclosure Statement was reasonable in the circumstances of the Chapter 11 Cases and enabled voting creditors to

make an informed decision to accept or reject the Combined Plan and Disclosure Statement.

(2)     The Debtors were not required to solicit the votes from the Holders of Claims or Interests from the following Classes (the "**Deemed to Accept Classes**") as each such Class is unimpaired under the Combined Plan and Disclosure Statement and conclusively presumed to have accepted it: Class 1 (DIP Facility Claims); Class 2 (Secured Tax Claims); Class 5 (Other Secured Claims); and Class 6 (Priority Claims).

(3)     The Debtors were not required to solicit votes from the Holders of Claims or Interests in Class 8 (Intercompany Claims) and Class 9 (Equity Interests) (the "**Deemed to Reject Classes**", and together with the Deemed to Accept Classes, the "**Non-Voting Classes**"), as such Classes will receive no recovery under the Combined Plan and Disclosure Statement and are deemed to reject it.

(4)     As described in the Tabulation Declaration and Combined Hearing Affidavit, the transmittal and service of the Solicitation Packages was timely, adequate, and sufficient under the circumstances. The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and other applicable rules, laws, and regulations. In connection therewith, the Debtors, and any of their affiliates, members, managers, shareholders, partners, employees, attorneys, and advisors of the foregoing are entitled to the protection of Bankruptcy Code section 1125(e).

J.      <u>Good Faith</u>. The Combined Plan and Disclosure Statement was negotiated in good faith and at arm's length, and the Debtors have not engaged in any collusive or unfair conduct in connection with the Combined Plan and Disclosure Statement.

K.      <u>Notice</u>. As evidenced by the Tabulation Declaration and Combined Hearing Affidavit, the transmittal and service of the Solicitation Packages were adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to confirmation of the Combined Plan and Disclosure Statement) have been given due, proper, timely, and adequate notice in accordance with the Interim Approval and Procedures Order and in compliance with the

66814898.9

Bankruptcy Code, the Bankruptcy Rules, and applicable nonbankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

L.    Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Combined Plan and Disclosure Statement is dated and identifies the Debtors as plan proponents, thereby satisfying Bankruptcy Code section 1129(a)(1).

M.    The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtors have complied with all the applicable provisions of the Bankruptcy Code, satisfying the requirements of Bankruptcy Code section 1129(a)(2).

N.    Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Combined Plan and Disclosure Statement has been proposed in good faith and not by any means forbidden by law, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(3).

O.    Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors, or by person issuing securities or acquiring property under the Combined Plan and Disclosure Statement, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Combined Plan and Disclosure Statement and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(4).

66814898.9

P.      Plan Administrator, Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Debtors have complied with Bankruptcy Code section 1129(a)(5). The Debtors are liquidating and, therefore, Bankruptcy Code section 1129(a)(5) is not applicable.

Q.      No Rate Changes (11 U.S.C. § 1129(a)(6)). After confirmation of the Combined Plan and Disclosure Statement, the Debtors' businesses will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission. Therefore, Bankruptcy Code section 1129(a)(6) is not applicable.

R.      Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The Combined Plan and Disclosure Statement satisfies Bankruptcy Code section 1129(a)(7). The Liquidation Analysis attached to the Combined Plan and Disclosure Statement and other evidence proffered or adduced at the Combined Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each Holder of an impaired Claim or Interest either has accepted the Combined Plan and Disclosure Statement or will receive or retain under the Combined Plan and Disclosure Statement, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

S.      Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Class 1 (DIP Facility Claims), Class 2 (Secured Tax Claims), Class 5 (Other Secured Claims), and Class 6 (Priority Claims) are unimpaired and deemed to accept the Combined Plan and Disclosure Statement. Class 7 (General Unsecured Claims) has voted to accept the Combined Plan and Disclosure Statement in accordance with Bankruptcy Code section 1126(c). However, Bankruptcy Code section 1129(a)(8) has not been satisfied because: Class 4 (Second Lien Claims) voted to reject the Combined Plan and Disclosure Statement; and Class 8 (Intercompany Claims) and 9 (Equity

Interests) are deemed to reject the Combined Plan and Disclosure Statement pursuant to Bankruptcy Code section 1126(g). However, as set forth below, the Combined Plan and Disclosure Statement is confirmable because it satisfies the nonconsensual confirmation requirements of Bankruptcy Code section 1126(b).

      T.     All Classes of Claim or Interests either voted to accept the Combined Plan and Disclosure Statement (*i.e.*, Class 7) or were deemed to accept the Combined Plan and Disclosure Statement (*i.e.*, Class 3 and Class 4).

      U.     <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Allowed Administrative Expenses under the Combined Plan and Disclosure Statement satisfies Bankruptcy Code section 1129(a)(9)(A). The treatment of Allowed Priority Tax Claims under the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1129(a)(9)(C).

      V.     <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>. At least one Class of Claims that is impaired under the Combined Plan and Disclosure Statement has accepted the Combined Plan and Disclosure Statement, determined without including any acceptance of the Combined Plan and Disclosure Statement by an insider, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(10).

      W.     <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. Confirmation of the Combined Plan and Disclosure Statement is not likely to be followed by the liquidation of the Debtors other than as set forth in the Combined Plan and Disclosure Statement itself, thereby satisfying Bankruptcy Code section 1129(a)(11).

66814898.9

X.    Payment of Fees (11 U.S.C. § 1129(a)(12)). The Combined Plan and Disclosure Statement provides that all fees due and payable pursuant to 28 U.S.C. § 1930 shall by payable by the Debtors prior to the Effective Date.

Y.    Inapplicable Provisions (11 U.S.C. § 1129(a)(13)-(16)). The Debtors (i) no longer maintain any retirement plans or other benefit obligations, (ii) do not have domestic support obligations, (iii) are not individuals, and (iv) are moneyed, business, or commercial corporations; accordingly, Bankruptcy Code sections 1129(a)(13)-(16) are not applicable to the Combined Plan and Disclosure Statement.

Z.    Fair and Equitable, No Unfair Discrimination (11 U.S.C. § 1129(b)). Based upon the evidence proffered, adduced, and presented by the Debtors at the Combined Hearing, the Combined Plan and Disclosure Statement does not discriminate unfairly against, and is fair and equitable with respect to the Deemed to Reject Classes and Class 4 (Second Lien Claims), who voted to reject the Combined Plan and Disclosure Statement, as required by Bankruptcy Code section 1129(b)(1) and (b)(2). Therefore, the Combined Plan and Disclosure Statement may be confirmed notwithstanding the rejection of the Combined Plan and Disclosure Statement by the Deemed to Reject Classes and Class 4.

AA.    Only One Plan (11 U.S.C. § 1129(c). The Combined Plan and Disclosure Statement is the only plan filed in the Chapter 11 Cases, and accordingly, Bankruptcy Code section 1129(c) is inapplicable in the Chapter 11 Cases.

BB.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Combined Plan and Disclosure Statement is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Combined Plan and Disclosure Statement on any such grounds.

66814898.9

Therefore, the Combined Plan and Disclosure Statement satisfies the requirements of Bankruptcy Code section 1129(d).

CC.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Court, the Debtors and their agents, successors, predecessors, control persons, members, officers, directors, employees, and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, in each case have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptance to the Combined Plan and Disclosure Statement and their participation in the activities described in Bankruptcy Code section 1125, and therefore are not, and on account of such offer, issuance, and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptance or rejections of the Combined Plan and Disclosure Statement and are entitled to the protections afforded by Bankruptcy Code section 1125(e) and, to the extent such parties are listed therein, the exculpation provisions found in Article XI.B of the Combined Plan and Disclosure Statement.

DD.    <u>Implementation</u>. All documents necessary to implement the Combined Plan and Disclosure Statement, and all other relevant and necessary documents have been developed and negotiated in good faith and at arm's length and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

66814898.9

EE.    <u>Limited Substantive Consolidation</u>. The limited substantive consolidation of the Estates pursuant to Article VII.B.1 of the Combined Plan and Disclosure Statement is necessary and critical to implement the Combined Plan and Disclosure Statement.

FF.    <u>Releases</u>. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012 to approve the releases set forth in Article XI.C and Article XI.D of the Combined Plan and Disclosure Statement. Pursuant to Bankruptcy Code section 105(a), approval of the releases and injunction provisions contained in the Combined Plan and Disclosure Statement is warranted, as established by the record in the Chapter 11 Cases, because such provisions: (i) were integral to the global settlement amount the various parties in interest and are essential to the formulation and implementation of the Combined Plan and Disclosure Statement, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable, and reasonable, (iv) are in the best interests of the Debtors and their Estates, and (v) with respect to the third party releases, have been consented to by the Releasing Parties.

GG.    <u>Exculpation</u>. Pursuant to Bankruptcy Code section 1123(b)(3) and Bankruptcy Rule 9019(a), the exculpation provisions and the releases set forth in the Combined Plan and Disclosure Statement and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, creditors, and equity holders. The record of the Combined Hearing is sufficient to support the exculpation provision set forth in Article XI.B and the releases provided for in Article XI.C and XI.D, and the related injunction in Article XI.A. of the Combined Plan and Disclosure Statement. Accordingly, based on the representations of the parties, and/or the evidence proffered, adduced, and/or presented and the Combined Hearing, this Court finds that the exculpation provisions set forth in Article

11

XI.B and the releases set forth in Article XI.C and XI.D, and the related injunction in Article XI.A, of the Combined Plan and Disclosure Statement are consistent with the Bankruptcy Code and applicable law, as modified by this Confirmation Order.

HH.    Based on the foregoing, the Combined Plan and Disclosure Statement satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Findings of Fact and Conclusion of Law</u>. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.    <u>Notice of Combined Hearing</u>. Notice of the Combined Hearing complied with the terms of the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

3.    <u>Adequate Information</u>. The disclosures contained in the Combined Plan and Disclosure Statement are approved on a final basis as containing adequate information within the meaning of Bankruptcy Code section 1125, and any objections to the adequacy of the information contained in the Combined Plan and Disclosure Statement not otherwise consensually resolved are overruled in their entirety.

4.    <u>Solicitation</u>. The solicitation of votes on the Combined Plan and Disclosure Statement complied with the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable nonbankruptcy law.

66814898.9

5.    _Ballots_. The form of Ballots attached as _Exhibit 2_ to the Interim Approval and Procedures Order is in compliance with Bankruptcy Rule 3018(c), and substantially conforms to Official Form Number 14, and is approved in all respects.

6.    _Confirmation of the Combined Plan and Disclosure Statement_. The Combined Plan and Disclosure Statement, attached hereto as _Exhibit A_, and all exhibits thereto, including the Creditor Trust Agreement, are approved in all respects. The terms of the Combined Plan and Disclosure Statement are an integral part of this Confirmation Order.

7.    _Objections Resolved or Overruled_. All objections, responses, statements, and comments in opposition to the Combined Plan and Disclosure Statement, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Combined Hearing, shall be, and hereby are, overruled in their entirety.

8.    _Binding Effect_. On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Combined Plan and Disclosure Statement shall be binding on the Debtors, the Estates, all Holders of Claims and Interests (irrespective of whether such Claims or Interests are impaired under the Combined Plan and Disclosure Statement or whether the Holders of such Claims or Interests have accepted the Combined Plan and Disclosure Statement), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, any other party in interests in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

9.    _Vesting of Assets_. As of the Effective Date, pursuant to Bankruptcy Code section 1141(b) and (c), the Creditor Trust Assets shall vest in the Creditor Trust fee and clear of all Claims liens, encumbrances, charges, membership interests, and other interests, except as

66814898.9

otherwise provided in the Combined Plan and Disclosure Statement or this Confirmation Order, and subject to the terms and conditions of the Combined Plan and Disclosure Statement and this Confirmation Order. The Debtors, Committee, and Creditor Trustee shall have the power and authority to enter into the Creditor Trust Agreement on the Effective Date.

10.     <u>Implementation of the Combined Plan and Disclosure Statement</u>. The Debtors and Creditor Trustee are hereby authorized to execute deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Combined Plan and Disclosure Statement.

11.     <u>Creditor Trust</u>. On the Effective Date, the Creditor Trust will be established pursuant to and in accordance with the terms of the Combined Plan and Disclosure Statement, and the Creditor Trust Agreement. Amanda Demby, Managing Director of Province, Inc., is appointed as the Creditor Trustee. The Creditor Trustee shall have such powers, duties, and responsibilities as is provided for in the Plan and the Creditor Trust Agreement and shall be compensated in accordance with the Combined Plan and Disclosure Statement and the Creditor Trust Agreement.

12.     <u>Insurance Policies</u>. The Creditor Trustee shall be granted standing, authority, power and right to assert, prosecute and/or settle the Estate Claims and/or make a claim under any primary director and officer liability, employment practices liability, or fiduciary liability insurance policies based upon its powers as a Court-appointed representative of the Estates with the same or similar abilities possessed by insolvency trustees, receivers, examiners, conservators, liquidators, rehabilitators or similar officials.

66814898.9

13.    <u>Substantive Consolidation</u>. As of the Effective Date, and solely for the purposes of the Chapter 11 Cases, the Debtors' Estates shall be substantively consolidated.

14.    <u>Rejection of Executory Contracts</u>. Except as set forth in the Combined Plan and Disclosure Statement, as of the Effective Date, each Executory Contract to which any of the Debtors is a party is hereby rejected as of the Effective Date unless previously assumed and/or assigned (including in connection with the Sale and pursuant to the Sale Order), subject to a pending motion to assume and/or assign, or rejected before the Effective Date.

15.    <u>Conditions to Effectiveness</u>. The Combined Plan and Disclosure Statement shall not become effective unless the conditions set forth in Article X of the Combined Plan and Disclosure Statement have been satisfied or waived.

16.    <u>Professional Compensation</u>. Except as provided in the Combined Plan and Disclosure Statement, all Professionals shall file with the Court and serve their respective final applications for allowance of Professional Fee Claims by the date that is thirty (30) days after the Effective Date. Upon the Effective Date, any requirement that Professionals comply with Bankruptcy Code sections 327 through 331 in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of business without any further notice to, or action, order, or approval of, the Court. Professional Fee Claims shall be paid in accordance with Article V.B of the Combined Plan and Disclosure Statement.

17.    <u>Exculpated Parties Definition</u>. The definition of "**Exculpated Parties**" in the Combined Plan and Disclosure Statement is replaced with the following:

> "**Exculpated Parties**" means, individually and collectively, each and all of: (a) the Debtors' current Professionals; (b) the Debtors' CRO; (c) the Debtor's Board and officers who are serving in such capacity as of the Petition Date solely consisting of Dr. David

Sack, Edith Bauer, Esq., Jonathon Young, Russell Ragland, David Pegg, and Nicholas Poan; (d) the Committee and members of the Committee in their capacity as members of the Committee, and (e) Project Build Behavioral Health, LLC ("**PBBH**"), and each and all of its direct and indirect current and former affiliates, subsidiaries, partners (including general partners and limited partners), investors, managing members, members, officers, directors, principals, employees, managers, controlling persons, agents, attorneys, investment bankers, Professionals, advisors, and representatives, each in their capacity as such, *only if* any of PBBH and/or such parties are subsequently found (i) to have acted as, or otherwise determined to have been, a fiduciary of the Estates by a court of competent jurisdiction, (ii) to have acted on behalf of or for the benefit of the Debtors, or (iii) to have made representations on behalf of or for the benefit of the Debtors.

18.    <u>Binding Exculpation Provision</u>. All exculpation provisions contained herein and/or in the Combined Plan and Disclosure Statement, including, but not limited to those contained in Article XI.B of the Combined Plan and Disclosure Statement, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

19.    <u>Binding Release Provisions</u>. All release provisions contained herein and/or in the Combined Plan and Disclosure Statement, including, but not limited to those contained in Article XI.C and XI.D of the Combined Plan and Disclosure Statement, are approved and shall be effective and binding on all persons and entities, to the extent provided therein; *provided, however*, that no provision of the Combined Plan and Disclosure Statement or this Confirmation shall be construed to grant a discharge pursuant to Bankruptcy Code section 1141(d).

20.    <u>Injunctions</u>. Except as otherwise provided in the Combined Plan and Disclosure Statement or to the extent necessary to enforce the terms and conditions of the Combined Plan and Disclosure Statement, this Confirmation Order, or a separate order of the Bankruptcy Court, all entities who have held, hold, or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against any property that is to be distributed under the terms of the Combined Plan and Disclosure Statement on account

16

of any such Claims or Equity Interests: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff, right, subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Combined Plan and Disclosure Statement; *provided, however*, that such entities shall not be precluded from exercising their rights pursuant to and consistent with the terms of the Combined Plan and Disclosure Statement or the Confirmation Order; *provided, further*, that the foregoing shall not apply to any acts, omissions, claims, causes of action or other obligations expressly set forth in and preserved by the Combined Plan and Disclosure Statement or any defenses thereto. Notwithstanding the foregoing, nothing herein shall be otherwise deemed to modify, limit, amend or supersede any injunctions or stays granted in the Sale Order.

21.     Preservation of Causes of Action. Pursuant to the Combined Plan and Disclosure Statement, the Estate Claims shall be and are hereby preserved, except as provided otherwise in the Combined Plan and Disclosure Statement or any Final Order of this Court.

22.     Reservation of Rights. Except as expressly set forth herein, the Combined Plan and Disclosure Statement shall have no force or effect until the Effective Date. None of the filing of the Combined Plan and Disclosure Statement, any statement or provision contained herein, or the taking of any action by the Debtors with respect to the Combined Plan and Disclosure Statement shall be or shall be deemed to be an admission or waiver of any rights of the Debtors, Holder of Claims or Interests before the Effective Date.

66814898.9

23.    <u>Payment of Statutory Fees</u>. All fees payable pursuant to 28 U.S.C. § 1930 and/or

31 U.S.C. § 3717, as determined by the Court, shall be paid for each quarter (including any

fraction thereof) by each and every Debtor, as applicable, until the earlier of the time that a

particular case is converted, dismissed, or closed.

24.    <u>Retention of Jurisdiction</u>. On and after the Effective Date, the Court shall retain

jurisdiction, to the fullest extent possible under law, over all matters arising in, arising under, and

related to the Chapter 11 Cases, the Combined Plan and Disclosure Statement, and the Creditor

Trust Agreement for, among other things:

a.    to hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

b.    to enter and implement such orders as may be appropriate in the event this Confirmation Order is for any reason stayed, revoked, modified, or vacated;

c.    to issue such orders in aid of execution and consummation of the Combined Plan and Disclosure Statement, to the extent authorized by Bankruptcy Code section 1142;

d.    to consider any amendments to or modifications of the Combined Plan and Disclosure Statement, to cure any defect or omission, or to reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, this Confirmation Order;

e.    to hear and determine all requests for compensation and reimbursement of expenses to the extent allowed by the Bankruptcy Court under Bankruptcy Code sections 330 or 503;

f.    to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Combined Plan and Disclosure Statement;

g.    to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Sale Order;

h.    to hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code sections 346, 505, and 1146;

i.    to hear any other matter not inconsistent with the Bankruptcy Code;

66814898.9

j.  to enter the Final Decree;

k.  to ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Combined Plan and Disclosure Statement;

l.  to decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications involving the Debtors that may be pending on the Effective Date;

m.  to issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Combined Plan and Disclosure Statement, except as otherwise provided herein;

n.  to determine any other matters that may arise in connection with or related to the Combined Plan and Disclosure Statement, this Confirmation Order, or any contract, instrument, release, indenture, or other agreement or document created or implemented in connection with the Combined Plan and Disclosure Statement;

o.  to determine any other matters that may arise in connection with or related to the Sale Order or any contract, instrument, release, indenture, or other agreement or document created or implemented in connection with the Sale Order;

p.  to enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with the Chapter 11 Cases (whether or not the Chapter 11 Cases have been closed);

q.  to resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof; and

r.  to resolve any disputes concerning whether a Person or Entity had sufficient notice of the Chapter 11 Cases, the Bar Date, or the Confirmation Hearing for the purpose of determining whether a Claim or Interest is discharged hereunder, or for any other purpose.

25.  <u>Dissolution of Debtors</u>. Immediately following the distribution of all of the Debtors' and their Estates' assets under the terms of the Combined Plan and Disclosure Statement, on the Effective Date, members of the board and executive officer(s) shall be deemed to have resigned.

66814898.9

26.     <u>Provisions of the Combined Plan and Disclosure Statement and Confirmation Order Non-Severable and Mutually Dependent</u>. The provisions of the Combined Plan and Disclosure Statement and this Confirmation Order, including the findings of fact and conclusions of law as set forth herein, are non-severable and mutually dependent.

27.     <u>Governing Law</u>. Except to the extent that the Bankruptcy Code or federal law is applicable, the rights, duties, and obligations arising under the Combined Plan and Disclosure Statement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles or conflicts of law thereof.

28.     <u>Applicable Nonbankruptcy Law</u>. Pursuant to Bankruptcy Code section 1123(a) and 1142(a), the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

29.     <u>Documents and Instruments</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Plan and Disclosure Statement and this Confirmation Order.

30.     <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Combined Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Combined Plan and Disclosure Statement.

66814898.9

31. <u>Notice of Entry of Confirmation Order and Effective Date</u>. The form of notice of Effective Date and entry of this Confirmation Order, attached hereto as <u>Exhibit B</u> (the "**Effective Date Notice**"), provides adequate and reasonable notice and is hereby approved. On or within two (2) Business Days of the Effective Date, the Debtors shall file and serve the Effective Date Notice on the following parties: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases; (ii) state, provincial, and local taxing authorities in which the Debtors did business; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission; (v) the United States Attorney for the District of Delaware; (vi) Holders of Claims or Interests; (vii) all counterparties to executory contracts and unexpired leases with the Debtors; (viii) the U.S. Trustee; and (ix) all persons or entities listed on the Debtors' creditor mailing matrix.

32. <u>James Foster Reservation of Rights</u>. The provisions of Article XI of the Combined Plan and Disclosure Statement shall not preclude James Foster from prosecuting his claims against any Debtor outside the Bankruptcy Court, to judgment or to settlement for the sole purpose of collecting from any available insurance, provided that Mr. Foster complies with the terms of the *Order Granting Motion for Relief from the Automatic Stay* [Docket No. 703] granting relief from stay to pursue such claims.

33. <u>United States Reservation of Rights</u>. Nothing in the Combined Plan and Disclosure Statement or the Confirmation Order shall: (a) affect the rights of the United States, if any, to assert setoff and recoupment and such rights are expressly preserved and the substantive consolidation provisions in the Plan shall not affect the requirements of section 6402 of the Internal Revenue Code and Bankruptcy Code section 553, including but not limited to the mutuality requirements; (b) require the United States to file a request for payment of an expense

21

described in Bankruptcy Code section 503(b)(1)(B) and (C) as provided in Bankruptcy Code section 503(b)(1)(D); (c) affect or impair the exercise of the United States' police and regulatory powers against the Debtors, the Debtors' Estates, the Creditor Trust, or any non-Debtor; (d) release, enjoin or discharge any non-Debtor from any claim, liability, suit, right or cause of action of the United States nor shall anything in the Combined Plan and Disclosure Statement or the Confirmation Order enjoin the United States from bringing any claim, suit, right, cause of action, or other proceeding against any non-Debtor for any liability whatsoever; (e) be construed as a compromise or settlement of any claim, liability, suit, right, cause of action, or interest of the United States; or (f) expand or narrow the scope of the relief set forth in Bankruptcy Code section 505. Administrative expense or priority claims of the United States allowed pursuant to the Combined Plan and Disclosure Statement or the Bankruptcy Code shall be paid in accordance with Bankruptcy Code sections 1129, and to the extent applicable, Bankruptcy Code section 511. Moreover, nothing shall effect a release, discharge or otherwise preclude any claim whatsoever against any Debtor or any of the Debtors' Estates by or on behalf of the United States for any liability arising (a) out of postpetition tax periods for which a required return has not been filed or (b) as a result of a pending audit or audit that may be performed with respect to postpetition tax period. Further, nothing shall enjoin the United States from amending any timely claim against any Debtor or any of the Debtors' Estates with respect to any tax liability (a) arising out of postpetition tax periods for which a required tax return has not been filed or (b) from a pending audit or audit that may be performed with respect to postpetition tax period. Any tax liability allowed pursuant to the Combined Plan and Disclosure Statement or the Bankruptcy Code arising (a) out of postpetition tax periods for which a required return has not been filed or (b) as a result of a pending audit or audit which may be performed with respect to postpetition

22

tax period shall be paid in accordance with Bankruptcy Code section 1129(a)(9)(A) and (C). Without limiting the foregoing but for the avoidance of doubt, nothing contained in the Combined Plan and Disclosure Statement or the Confirmation Order shall be deemed to determine the tax liability of any person or entity, including, but not limited to, the Debtors, the Debtors' Estates, and the Creditor Trust, nor shall the Combined Plan and Disclosure Statement or the Confirmation Order be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the Combined Plan and Disclosure Statement, nor shall anything in the Combined Plan and Disclosure Statement or the Confirmation Order be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under Bankruptcy Code section 505.

34.     For the avoidance of doubt, nothing in the Combined Plan and Disclosure Statement or this Confirmation Order shall (a) require PBBH to fund the Estates any amounts greater than as set forth in the Plan Funding and Administrative and Priority Claims Reserve as set forth in Section VIII.E of the Combined Plan and Disclosure Statement; and (b) contravene, reverse, override, or otherwise change the terms, conditions, decretals, orders, mandates, claims, interests, priorities, or other provisions previously approved by the Bankruptcy Court as set forth in the DIP Credit Agreement, the DIP Facility, the Final DIP Order, the DIP Facility Claims, the DIP Liens, the APA, or the Sale Order, all as amended or modified from time to time (collectively, the "**Superseding Matters**"), and to the extent of any conflict between this paragraph and the Superseding Matters, as applicable, the Superseding Matters shall govern and override the Confirmation Order.

66814898.9

35.    <u>Waiver of Stay</u>. The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

36.    <u>Inconsistency</u>. To the extent of any inconsistency between this Confirmation Order and the Combined Plan and Disclosure Statement, this Confirmation Order shall govern.

37.    <u>No Waiver</u>. The failure to specifically include any particular provision of the Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Combined Plan and Disclosure Statement is confirmed in its entirety and incorporated herein by reference.

Dated: February 13, 2019
      Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

66814898.9